**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

TERRY VAN LEHN,

             Plaintiff,

v.                                        CIVIL ACTION NO.  2:05-cv-00283

MedaStat USA, L.L.C.,

             Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's motion to compel arbitration and dismiss, or, in the alternative, stay proceedings pending arbitration [Docket 3]. The response time has run without a reply from the plaintiff. The motion is therefore ripe for decision. For the following reasons, the motion to compel [Docket 3] is hereby **GRANTED** and this case is **DISMISSED**.

**I. Background**

The following facts are alleged in the complaint. This case involves claims arising from an employment relationship. The defendant hired the plaintiff on May 7, 2004 as a Regional Marketing Manager in Kanawha County. The plaintiff worked in this capacity from May 7th until the defendants terminated her employment on October 29, 2004.

After her termination, the plaintiff filed a five-count complaint in the Circuit Court of Kanawha County, West Virginia, in which she alleges that the defendant: breached her employment contract (Count I); violated the West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-1 *et seq.* (Counts II and III); unlawfully discriminated against her based on her sex (Count IV);

and intentionally inflicted emotional distress upon her (Count V). Complaint ¶¶ 14-28. The defendant removed the case to this court based on complete diversity of citizenship. The plaintiff is a resident of West Virginia, the defendant is a Kentucky corporation with its principal place of business in Louisville, and the amount in controversy exceeds $75,000.[1]

Following removal of this case, the defendant moved to compel arbitration. Specifically, the defendant contends that the plaintiff's employment contract contains binding arbitration provisions. The defendant argues that this court must therefore compel arbitration between the parties and dismiss or stay this case.

## II. Analysis

The Federal Arbitration Act[2] embodies "a congressional declaration of a liberal federal policy favoring arbitration agreements . . . [and] create[s] a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The United States Court of Appeals for the Fourth Circuit has described four factors that will support an order to compel

---

[1] In order to meet the preponderance of the evidence standard and to establish jurisdiction upon removal, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (Copenhaver, J.). To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Rather, the defendant seeking removal must supply evidence to support his claim regarding the amount at issue in the case. In so doing, he may rely upon the entirety of the facts and circumstances comprising the plaintiff's damage claim. *See Mullins v. Harry's Mobile Homes, Inc.,* 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (Faber, J.). In this case, the defendant has provided a thorough argument that the amount in controversy exceeds the $75,000 threshold, and the plaintiff has not disputed that argument. I conclude by a preponderance of the evidence that the amount in controversy in this case exceeds the jurisdictional minimum.

[2] 9 U.S.C. § 1, *et seq*.

arbitration. "In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate '(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect, or refusal of the defendant to arbitrate the dispute.'" *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002). In considering these factors, a district court must be "mindful of the 'clear federal directive in support of arbitration.'" *Id*. at 500 (quoting *Hightower v. GMRI, Inc.*, 272 F.3d 239, 241 (4th Cir. 2001)).

A dispute clearly exists between the parties in this case, as evidenced by the filing of the civil action in state court. Thus, the first factor is satisfied. The record before the court further includes a written "Dispute Resolution Program" manual that includes detailed arbitration provisions. The manual bears the signature of both the plaintiff and a representative of the defendant. In pertinent part, the manual states:

> The legal claims subject to arbitration include, but are not to be limited to: (1) claims for wages or other compensation; (2) claims for breach of any contract . . . ; (3) tort claims (including, but not limited to, claims for physical, mental or psychological injury, but excluding statutory workers compensation claims); (4) claims for wrongful termination; (5) sexual harassment; (6) discrimination (including, but not limited to, claims based on race, sex, religion, national origin, age, medical condition or disability whether under federal, state or local law); . . . [and] (9) claims for a violation of any other non-criminal federal, state or other governmental law, statute, regulation or ordinance.

Dispute Resolution Program manual at 4. Accordingly, the written arbitration agreement explicitly covers the plaintiff's claims for breach of contract, violations of the West Virginia Wage Payment

and Collection Act, unlawful sex-based discrimination, and intentional infliction of emotional distress, and the second factor is satisfied.

The transaction bears a relationship to interstate commerce because it was entered into between a citizen of West Virginia and a business incorporated in Kentucky. *See Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265 (1995) (finding that the interstate commerce requirement must be interpreted broadly, to the full extent of Congress' power under the Commerce Clause). The third factor is therefore present.[3] Finally, the fourth factor is satisfied because the plaintiff has refused to arbitrate this dispute, as evidenced by her decision to file a civil action in state court rather than submit to the arbitration proceedings in the first instance.

I therefore **FIND** that all four of the necessary factors have been met. Accordingly, and in light of the "liberal federal policy favoring arbitration agreements," *Moses H. Cone*, 460 U.S. at 24, the defendant's motion to compel arbitration [Docket 3] is **GRANTED**.

According to the FAA, a court "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties *stay* the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . ." 9 U.S.C. § 3 (2002) (emphasis added). By its terms, this provision is mandatory. The available relief, however, is not limited strictly to a stay of the proceedings. Section 3 of the FAA "was not intended to limit dismissal of a case in the proper circumstances."

---

[3] In addition, the arbitration agreement specifically provides that: "The Company is engaged in transactions involving interstate commerce and your employment involves such commerce; therefore, the parties agree that the Federal Arbitration Act shall govern the interpretation, enforcement, and proceedings under the Dispute Resolution Program." Dispute Resolution Program manual at 6. While not dispositive of the interstate commerce finding, this language supports the defendant's position.

*Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). "Notwithstanding the terms of § 3, . . . dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001). The court **FINDS** that all the issues raised in the plaintiff's complaint are subject to the arbitration agreement. Accordingly, the court **GRANTS** the defendant's motion to dismiss [Docket 3]. The alternative motion to stay the proceedings [Docket 3] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this written opinion and Order to counsel of record and any unrepresented party.

                                      ENTER:       August 1, 2005

                                      JOSEPH R. GOODWIN
                                      UNITED STATES DISTRICT JUDGE